**In the Matter of Robert G. WILLIAMS.**

**No. 583S172.**

Supreme Court of Indiana.

April 19, 1984.

No appearance entered for respondent.

Gregory M. Fudge, Staff Atty., Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

### PER CURIAM.

The Respondent in this cause is charged, under a single count verified complaint, with neglecting his responsibilities as an attorney and charging excessive fees. More particularly he is charged with violating Disciplinary Rules 1–102(A)(1), (5) and (6); 2–106(A); 6–101(A)(1) and (3), and 7–101(A)(1), (2) and (3). Pursuant to the procedures set forth under Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was conducted and findings have been tendered for this Court's approval. Neither party has petitioned for review.

██ Upon examination of this cause, this Court now finds that the Respondent was admitted to the Bar of this State on September 16, 1970, but has been suspended from the practice of law for non-payment of registration fees since February 25, 1983. The Respondent, however, is still subject to the disciplinary authority of this Court regulating the practice of law.

██ This Court now adopts and accepts as its own the findings of fact tendered by the appointed Hearing Officer. Accordingly, we now find that in May, 1980 the Respondent was retained to represent a party in a dispute involving an interest in real estate located in Mississippi. Respondent was paid 100 dollars in advance at the time of his initial employment. Thereafter, the Respondent was paid 1,400 dollars on August 26, 1980, and 1,500 dollars on May 1, 1981, for his representation in this matter.

At some point in time, Respondent prepared a power of attorney authorizing one of his clients to act on behalf of another in this matter. On January 22, 1982, Respondent filed a complaint in Marion Superior Court on behalf of this client.

In response to this complaint a Motion for a more definite statement was filed and granted. In July, 1982 a hearing was held on a motion to dismiss and this later motion was also granted.

Respondent filed an amended complaint on September 7, 1982, but this was dismissed on the Court's own motion as not being timely filed. On October 18, 1982, the Superior Court entered judgment dismissing the lawsuit for want of prosecution.

In another matter involving the same clients, Respondent was retained to open an estate and was paid 350 dollars in advance. On May 1, 1981, notice of administration was filed. No further action was taken by the Respondent relative to this estate matter. Thereafter, in August, 1982, these clients personally contacted the Probate Court and the Court granted a *pro se* motion, filed orally, to summarily close this estate.

In view of the above findings, this Court now further finds that the Respondent neglected a legal matter entrusted to him, failed to seek the lawful objections of his client, failed to carry out his contract of employment and damaged his client during the course of the professional relationship. This conduct was violative respectively, of Disciplinary Rules 6–101(A)(3) and 7–101(A)(1), (2) and (3). The Respondent's conduct also violated Disciplinary Rules 1–102(A)(1) and (6) in that he violated a disciplinary rule and engaged in conduct which adversely reflects on his fitness to practice law.

In that we have found misconduct, it is now the duty of this Court to impose an appropriate sanction. Respondent chose not to appear in this matter and, accordingly, the misconduct found in this cause stands without mitigation. Simply stated, Respondent accepted a fee for routine legal services and then only acted in a token manner. His clients were inconvenienced and prejudiced by Respondent's neglect.

This type of conduct is a severe disservice to the Bar of this State.

In light of the above considerations this Court now accordingly finds and hereby orders that the Respondent, by reason of the misconduct found in this cause, be suspended from the practice of law for a period of two years beginning this date.

Costs of this proceeding are assessed against the Respondent.