**In the Matter of John M. McGRATH.**

**No. 45S00–8606–DI–621.**

Supreme Court of Indiana.

April 27, 1987.

Scott L. King, Gary, for respondent.

Sheldon A. Breskow, Executive Secretary, Clifford R. Courtney, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, John M. McGrath, and the Indiana Supreme Court Disciplinary Commission have entered into and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline. Additionally, the Respondent has submitted his affidavit pursuant to Admission and Discipline Rule 23, Section 17(a).

Upon review of the matters now before the Court, we find that the Respondent, who is an attorney admitted to the Bar of Indiana on October 21, 1975, was, at all times relevant herein, employed as a part-time salaried Appellate Public Defender by the Criminal Division of the Lake County Superior Court. During a period between February, 1984, and February, 1986, forty-six criminal cases were assigned to the Respondent for which he was to perfect an appeal. The Respondent proceeded in a timely fashion in only seven of the assigned cases. In three of the cases assigned to him, the Respondent filed a record but did not complete the appeals; six other appeals were dismissed because of his failure to complete the work; in twenty-three assigned cases, he failed to file a record resulting in belated appeals; and in seven cases, he failed to file the record or to complete the appeal. It is clear from the foregoing findings that the Respondent engaged in misconduct.

By way of mitigation, the parties further agree that the Respondent had suffered past employment setbacks which lead to excessive alcohol use and health and psychological problems during the period of time here in issue. These matters adversely affected his ability to function to the point that he was unable to cope with his responsibilities.

 The complete breakdown of Respondent's professional performance concerning his public defense duties may be explained by the foregoing circumstances, but it can-

not be excused. The use of alcohol does not diminish the effects of professional misconduct on the concerned clients. This Court has a responsibility to safeguard the public from unfit lawyers, whatever the cause of their unfitness may be. *In re Hayes, Jr.* (1984) Ind., 467 N.E.2d 20.

 Upon consideration of the extraordinary number of neglected cases, the surrounding circumstances, and this Court's responsibility to assure a high standard of competence among those admitted to the practice of law, we find that the agreed discipline, a suspension for a period of one year, is appropriate.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Conditional Agreement tendered by the parties is approved and that, accordingly, the Respondent, John M. McGrath, is suspended from the practice of law for a period of one year, beginning May 27, 1987.

Costs of this proceeding are assessed against the Respondent.