In the Matter of David D. HAYNES.

No. 84S00–8807–DI–677.

Supreme Court of Indiana.

March 1, 1991.

---

William G. Smock, Terre Haute, for respondent.

Sheldon A. Breskow, Executive Secretary, David R. Hurley, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, David D. Haynes, was charged in a single count complaint with violating Rule 8.4(b) of the *Rules of Professional Conduct for Attorneys at Law.* The Indiana Supreme Court Disciplinary Commission and the Respondent have reached an agreement pursuant to Admission and Discipline Rule 23, Section 11(d), which they now tender for this Court's approval. The Respondent has also submitted his affidavit as required by Admission and Discipline Rule 23, Section 17(a).

The parties have agreed, and we find that the Respondent is a member of the Bar of this State and is subject to this Court's disciplinary jurisdiction. The parties have further agreed that the charge against the Respondent has been amended to a violation of Rule 1.15 of the *Rules of Professional Conduct.*

The Respondent served as Special Counsel for the Indiana Department of Revenue (the Department) from November 9, 1981, until September 1, 1987, when his employment was terminated as a result of allegations which served as a basis of a request for investigation in the present case.

Pursuant to his appointment, the Respondent established a bank account at the Riddell National Bank of Brazil, Indiana on March 25, 1982. He also established a procedure whereby collection periods were ended on the last day of each calendar month, and the amounts collected during that month were forwarded to the Department during the following month. Each month a check was written to the Department for the total amount collected by Respondent with an accompanying voucher setting forth the name and file number of each taxpayer, the amount paid, and the amount due as fees to the Respondent in accordance with a memorandum dated October 1, 1981.

Vouchers were sent regularly on that basis from the first voucher dated April 6, 1982, to the final voucher submitted on September 9, 1987. During the time which Respondent served as Special Counsel for the Indiana Department of Revenue, he collected delinquent taxes in the amount of $247,438.97 for which he received fees in the amount of $128,731.93.

From the inception of this employment relationship until the spring of 1987, Respondent's law firm had employed a secretary who resided in Brazil, Indiana, and made the deposits at the Riddell Bank on a regular basis. Upon her leaving the firm, it became necessary to move the account to a more convenient location in Terre Haute, Indiana, to a bank which was only two blocks from Respondent's law office. The new account was opened on July 8, 1987, and, thereafter, all collections and transactions were done through the new account. The old account was closed on August 12, 1987, at which time the balance was $2,927.96.

On July 14, 1987, the Respondent wrote a check for $1,500 to himself from the new Indiana Department of Revenue account. On July 13, 1987, the Respondent had tax collections amounting to $1,707.30 deposited in the Terre Haute bank account, $2,927.96 in the Brazil bank account and $4,355.00 on hand but not yet deposited, for a total of $8,990.26. The attorney fee that had accrued to Respondent as a result of these collections exceeded the $1,500 which he drew out of the account.

Subsequent to the termination of his employment, the Respondent personally delivered to the Indiana Department of Revenue all of the outstanding warrants for collection of tax which he had in his possession together with a voucher dated September 9, 1987, requesting all collection received by him during the month of August, 1987. The Department reviewed all warrants and monies collected, determined that all appeared to be accounted for and approved the release of $7,281 to the Respondent.

By way of mitigation, the parties have agreed that the Respondent never intended to deprive the Indiana Department of Revenue of the use of said funds in as much as the amount of the check he wrote was less than what he eventually would have received as a fee. The funds were returned to the account by cashier's check of August 17, 1987. The parties further agree that the Respondent is involved in numerous community activities such as United Way, The Terre Haute Symphony Association, Little League, Boys Club and his church, and he has volunteered his time and energies for the betterment of the community.

In light of the foregoing findings, we conclude that, by drawing a check on his client's account in a manner not consistent with their understanding and established procedure, the Respondent violated Rule 1.15 of the *Rules of Professional Conduct.*

The parties have agreed that the appropriate sanction for such misconduct is a public reprimand. Trust is the fundamental basis of any attorney-client relationship, and the safekeeping of clients' funds is the most elementary requirement in such a relationship. Respondent's entitlement to a fee for his work cannot justify his helping himself to the client's funds in a manner not consistent with Rule 1.15, for however short a time. In light of the agreed facts and mitigating circumstances, we find that the agreed sanction is warranted. Accordingly, we find that the agreement of the parties should be accepted and approved. It is, therefore, ordered that the Respondent, David D. Haynes, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against the Respondent.