**In the Matter of Frederick F. FROSCH.**

**No. 49S00–9003–DI–198.**

Supreme Court of Indiana.

Aug. 11, 1992.

Frederick F. Frosch, pro se.

Jeff Todd, Indiana Supreme Court, Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

Frederick Frosch was charged in a single count complaint for disciplinary action with misconduct arising out of his handling funds collected on behalf of a client. The case was heard by a Hearing Officer appointed by this court pursuant to Admission and Discipline Rule 23 and is now before us for final determination. The findings of fact submitted by the Hearing Officer have not been challenged, but the Disciplinary Commission has petitioned for review of the Hearing Officer's conclusions of law.

The Commission's contention will be addressed within the context of the review process employed in attorney discipline matters. In reaching a final determination as to professional misconduct, this Court examines *de novo* all tendered matters. However, when, as in this case, the find-

ings are unchallenged, they may be accepted, but this court reserves the right to evaluate such findings and reach a conclusion as to misconduct. *In re Vogler* (1992), Ind., 587 N.E.2d 678.

▮ Accepting the Hearing Officer's findings of fact, we find that the Respondent was retained on a contingency fee basis by Harvey Freeman and Sons, Inc. (hereinafter "Freeman") to pursue eviction actions and apartment rent collection actions against Freeman's tenants. He did this from April, 1987, until October 1, 1987. During the course of this representation, the Respondent was responsible for filing complaints, obtaining judgments, and satisfying judgments through garnishment orders. He received garnishment payments through the small claims court where the cases had been decided and deposited a portion of these monies into his attorney trust account and a portion into three other non-trust accounts.

On October 1, 1987, Respondent and Freeman agreed that Respondent would file no new cases for Freeman, but would continue to secure judgments and pursue collection of all Freeman cases he had already filed prior to October 1, 1987.

On February 5, 1988, Freeman advised Respondent to discontinue all further representation in Freeman's cases. Between October 1, 1987, and February 20, 1988, the Respondent had collected $19,500 from defendants in Freeman cases. He had not turned over this money to Freeman. The Respondent failed to notify Freeman that he was holding these funds until March 10, 1988. He failed to provide his client with a written accounting of cases in which he was holding money until April 28, 1988.

The trust account into which Respondent deposited the funds from the Freeman cases did not contain sufficient funds with which to cover a check for $130.00 written on that account on January 3, 1989. Freeman funds were withdrawn from the trust account and utilized by the Respondent without Freeman's consent. The Respondent did not properly supervise the paralegal to whom he had delegated the responsibility of depositing funds in the office and personal accounts.

The Respondent believed that he was entitled to a substantial portion of the garnishment funds he had collected for Freeman as attorney fees and reimbursement for filing fees he had advanced to his client. Freeman acknowledged that Respondent was owed some money but he disputed the amount to which Respondent was entitled. The two agreed to submit their dispute to binding arbitration, and, on October 24, 1989, the arbitrators determined that the Respondent was entitled to receive $12,515 as attorney fees and reimbursement for court costs. The Respondent was to refund $6,985 together with interest of $1,117.60. The Respondent has complied with this decision and has paid the designated amount to Freeman.

The Respondent was charged with violating Rules 1.5(c), 1.15(b), 1.16(d) and 8.4(b) of the *Rules of Professional Conduct for Attorneys at Law.* The foregoing findings of fact establish that the Respondent failed to notify his client promptly of the receipt of funds, failed to deliver the same promptly to the client, and failed to give promptly a complete accounting, in violation of Rule 1.15(b). By failing to surrender funds to which his client was entitled promptly upon termination of the representation, the Respondent violated Rule 1.16(d). By withdrawing and using the funds in which both he and his client had an interest the amount of which was in dispute, the Respondent violated Rule 1.15(b). In their petition for review the Commission argues that by his conduct the Respondent committed a criminal act that reflects adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of Rule 8.4(b). We find that the totality of circumstances in this case fail to raise Respondent's professional misconduct to the level of a criminal act.

Having concluded that Respondent's actions constitute professional misconduct, we must assess an appropriate sanction. Standing alone, Respondent's failure to account for and surrender funds held on behalf of the client and his withdrawal and

use of such funds without the client's permission would warrant a severe sanction. However, we note that the Respondent did notify the client that he was holding the funds approximately one month after the termination of employment and did give an accounting some two months after the termination. The client acknowledged that the Respondent was owed some compensation for services and as reimbursement for court costs, but disputed the amount. These circumstances mitigate what otherwise would constitute a criminal act and extremely serious professional misconduct. With these considerations in mind, we conclude that a period of suspension with automatic reinstatement at its conclusion is warranted under the circumstances of this case.

It is, therefore, ordered that the Respondent, Frederick F. Frosch, is suspended from the practice of law for a period of sixty (60) days beginning September 7, 1992.

DeBRULER, J., dissents and would impose a suspension for a period of three years.