### In the MATTER OF John M. McGRATH.

### No. 45S00–9108–DI–668.

Supreme Court of Indiana.

Dec. 28, 1993.

John M. McGrath, pro se.

Jeffrey D. Todd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comm.

### DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, John M. McGrath, was charged in a five-count "Amended Verified Complaint for Disciplinary Action" with numerous violations of the *Code of Professional Responsibility for Attorneys at Law*. A hearing officer was appointed pursuant to Ind. Admission and Discipline Rule 23(11)(b), and, following hearing, he tendered to this Court his findings of fact and conclusions of law. The Disciplinary Commission thereafter petitioned for review of the hearing officer's conclusions of law and submitted a memorandum on sanctions, urging disbarment.

Noting that neither party has challenged the findings of fact, we now adopt the same. See *In re Frosch* (1992), Ind., 597 N.E.2d 310. However, this Court reserves the right to evaluate such findings and reach a conclusion as to misconduct. *Id.* Accordingly, the findings as to each count are as follow.

## Count I.

. After filing a *pro se* complaint in small claims court asking for $3,000.00 in damages, Frank Humphrey ("Humphrey") retained Respondent, paying him $100.00. Respondent informed Humphrey that his claim was worth more than the $3,000.00 jurisdictional limit in that court, and, accordingly, filed a motion to dismiss the action, intending to refile in a court of general jurisdiction. The motion was granted. In late 1990, Respondent informed Humphrey that his case was set for trial in December, 1990, or January of 1991, when in fact no trial was scheduled and the case was never refiled in any court. Humphrey subsequently hired different counsel, who managed to reinstate the action in small claims court.

The foregoing findings of fact establish that Respondent failed to abide by his client's decisions concerning the objectives of representation, in violation of Prof. Cond.R. 1.2(a). By failing to act with reasonable diligence and promptness in representing his client, Respondent violated Prof.Cond.R. 1.3. Further, he engaged in conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).

In its petition for review, the Commission argues that Respondent's misconduct is aggravated by the fact that he falsely represented to his client that the matter would go to trial in or about January, 1991. We agree, but conclude that such conduct should be considered only in the assessment of sanction, since Respondent was not formally charged in Count I with violating the *Rules of Professional Conduct* as they pertain to fraud, deceit or misrepresentation.

## Count II.

Albert Yothment ("Yothment") retained Respondent in 1989 to pursue an action for slander. Between 1989 and December, 1990, Yothment paid Respondent $2,400.00 for his services. Respondent filed suit in United States District Court on August 22, 1990. The court subsequently dismissed the suit for lack of diversity. Respondent informed Yothment in February, 1991, that suit had been filed in state court when in fact no suit was filed. Respondent later sent Yothment a copy of a letter supposedly written by Respondent to opposing counsel. The bogus letter purported to contain a copy of the complaint Respondent told Yothment he filed in state court. Opposing counsel never actually received the letter or a copy of the complaint.

The foregoing facts establish that by failing to re-file Yothment's case in state court, Respondent violated Prof.Cond.R. 1.2(a), 1.3, and 8.4(d). Further, by informing Yothment that suit was filed in state court when in fact no suit was ever filed, Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Prof.Cond.R. 8.4(c).

## Count III.

While incarcerated in the Adult Women's section of the Indiana Girls School, Mayola Herrod ("Herrod") retained Respondent to represent her in a post-conviction relief action, paying him $500.00. After several unsuccessful attempts, Herrod contacted Respondent, who informed her that the matter was set for hearing on June 15, 1990. No hearing was ever held that day. Through another inmate, Respondent advised Herrod that a hearing was scheduled for July 20, 1990. Two days beforehand, Respondent informed her that the hearing date was changed to August 21, 1990. No hearing was held on that date. Respondent arranged to meet with Herrod in the fall of 1990, but then failed to appear. Respondent failed to explain to her the reasons for the erroneous hearing dates and his absence at their scheduled meeting.

Herrod's criminal docket sheet revealed that the two most recent motions filed on her behalf were summarily denied. Respondent was not the attorney of record regarding either filing, and no hearings were ever scheduled.

We conclude that Respondent violated Prof.Cond.R. 1.2(a) and 1.3 by failing to file a petition for post-conviction relief on behalf of Herrod. By advising his client that her case was scheduled for hearings, when, in fact, no such hearings were scheduled, Respondent violated Prof.Cond.R. 8.4(c).

In its petition for review, the Disciplinary Commission asks this Court to find a violation of Prof.Cond.R. 8.4(d); however, a violation of that rule was not alleged in the amended complaint. We therefore decline to find that such a violation took place.

## Count IV.

Debra Hric ("Hric"), an inmate at the Adult Women's section of the Indiana Girls School, retained Respondent in January, 1990, to represent her in a petition for modification of sentence, paying him $500.00. In May, 1990, Respondent informed her that a hearing regarding her case was scheduled for June 15, 1990. No hearing was held on that date. Respondent then advised Hric that the hearing was set for July 20, 1990. Again, no hearing was held that day, and Respondent proceeded to advise his client that hearing was reset for August 14, 1990, and that a transportation order had been issued.

The chronological case summary of Hric's case in Lake County shows that the last petition for modification in her case was filed *pro se* on August 7, 1989, and was summarily denied that day. The record further indicates that no hearing dates were ever set and that a second petition for modification was never filed.

We conclude that by failing to file a petition for modification of sentence on behalf of Hric, Respondent violated Prof. Cond.R. 1.2(a) and 1.3. By advising his client that her case was scheduled for hearing when no hearings were in fact scheduled, Respondent violated Prof.Cond.R. 8.4(c).

## Count V.

In September, 1990, Darryl Rickert ("Rickert") retained Respondent to represent him in a bankruptcy petition. Thereafter, Rickert received notices to appear in civil court to answer in regard to his assets. Respondent advised Rickert to not worry about appearing. Rickert was subsequently arrested due to his failure to appear, and his release was conditioned upon the posting of an $800.00 bond. When the court eventually returned the bond funds, Respondent retained $600.00 as his fee.

Respondent informed Rickert that hearing on his bankruptcy petition was scheduled for February 12, 1991. Rickert appeared on that date only to be told by the court clerk that no hearings were scheduled. Respondent later advised Rickert that his hearing date had been changed to October 1, 1991. Rickert later learned that there were no hearings scheduled for that date and further that his petition had never been filed. Respondent testified that he planned to delay filing of the petition until Rickert had paid to Respondent all past due fees. Rickert testified that he was not aware that he owed past due fees, particularly since he completed payment of the bankruptcy fee in April, 1991.

We conclude that by failing to file a petition for bankruptcy on behalf of Rickert, Respondent violated Prof.Cond.R. 1.3 and 8.4(d). By advising his client to appear for bankruptcy hearings that were not in fact scheduled and by falsely advising his client that a bankruptcy petition had been filed, Respondent violated Prof.Cond.R. 8.4(c).

Having found that Respondent engaged in misconduct, we must now assess an appropriate sanction. Although we consider mitigating factors in this assessment, the record before us indicates none. We are, however, presented with overwhelming evidence of an alarming pattern of neglect and ensuing intentional deception. That Respondent went so far in one instance as to concoct a bogus letter tending to support one of his false assertions demonstrates the culpability underlying his deceptions. It is clear that Respondent either failed to recognize the dire consequences which threatened his clients as a result of his actions, or that he lacked the requisite professional integrity and responsibility that membership in our state's Bar demands. We note that the American Bar Association's *Standards for Imposing Lawyer Sanctions* provide that, absent mitigating circumstances, disbarment is generally appropriate where a lawyer knowingly deceives a client with the intent to benefit the lawyer or another. See American Bar Association *Standards for Imposing Lawyer*

*Sanctions,* Standard 4.6. Further, disbarment is the suggested sanction where a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. See ABA *Sanctions,* Standard 4.4. We note also that this is not the first time Respondent's professional conduct has been at issue before this Court. *In re McGrath* (1987), Ind., 506 N.E.2d 1083 (one year suspension imposed pursuant to conditional agreement following Respondent's neglect of over 30 pauper defense cases). For these reasons, we are convinced that the strongest sanction is warranted. Accordingly, we conclude that Respondent should be disbarred. It is, therefore, Ordered that John M. McGrath is hereby disbarred.

Costs of this proceeding are assessed against the Respondent.