### In the Matter of R. Larry HELMER.

### No. 49S00–9211–DI–925.

Supreme Court of Indiana.

May 12, 1994.

Martin E. Risacher, Church, Church, Hittle & Antrim, Noblesville, for respondent.

Donald R. Lundberg, Executive Director, David B. Hughes, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

R. Larry Helmer, the Respondent here, was charged by verified complaint for disciplinary action with violating Rule 1.15 of the *Rules of Professional Conduct for Attorneys at Law*. The Disciplinary Commission and Respondent have tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline, wherein the parties agree that a suspension from the practice of law for six (6) months is an appropriate disciplinary measure. Respondent has tendered the requisite affidavit pursuant to Ind.Admission and Discipline Rule 23, Section 17. We find that the agreement should be approved.

Accordingly, we now find that Respondent was admitted to the Bar of this state on September 25, 1968, and is therefore subject to the disciplinary jurisdiction of this Court. Gaile McNair hired Respondent in August, 1988 to represent her regarding a personal injury claim against General Hotels, a business entity. General Hotels agreed to settle Ms. McNair's claim for $2,500.00 in June, 1991. Respondent received the settlement proceeds from General Hotels, but failed to promptly deliver to Ms. McNair her portion of the proceeds, which amounted to $1,500.00. Instead, Respondent deposited the $2,500.00 into his attorney trust account on June 21, 1991. By July 12, that account reflected a balance of $1,099.88. Its balance remained below $1,500.00 until September 16, 1991, at which time Respondent deposited $800.00, bringing the balance to $1,528.00. Respondent mailed to Ms. McNair a check for $1,500.00 on September 13, 1991.

The facts clearly and convincingly establish that the Respondent violated Ind.Professional Conduct Rule 1.15(b) by failing to promptly notify his client of receipt of funds in which she had an interest and by his failure to promptly deliver the funds to her. He also violated Prof.Cond.R. 1.15(a) by failing to hold property of his client separate from his own.

As we noted above, this Court approves the parties' agreed discipline. We base this conclusion, in part, on the presence of several mitigating factors. Respondent's disciplinary history is unblemished; he made full restitution to his client of the funds to which she was entitled; and he has expressed genuine remorse for his actions, especially the discredit they have brought to the legal profession. Mitigating factors such as these do not excuse misconduct, but rather demonstrate that Respondent recognizes his misdeeds and therefore that he may, at some point, be recommended as one fit to resume the practice of law.

This case is distinguishable from superficially similar cases in which this Court im-

posed less severe sanctions. In *In re Frosch* (1992), Ind., 597 N.E.2d 310, Respondent Frosch failed to promptly surrender funds properly belonging to his client and used such funds without his client's permission. This Court concluded that the Respondent violated Prof.Cond.R. 1.15, and suspended him for sixty days. This Court imposed the relatively short suspension in light of several mitigating circumstances, including the fact that Respondent eventually notified his client that he held the funds, and because the client admitted Respondent was entitled to attorney fees, although disputing the amount.

An attorney drawing a check on his client's trust account without proper authorization received a public reprimand in *In re Haynes* (1991), Ind., 567 N.E.2d 95. However, the funds the Respondent withdrew represented an amount less than the attorney fees to which he was entitled. This Court found a violation of Prof.Cond.R. 1.15 because the withdrawal was accomplished "in a manner not consistent with [the Respondent and client's] understanding and established procedure." *Id.* at 97. Both cases may be distinguished from the present case in that both attorney Frosch and attorney Haynes helped themselves to client funds to which they believed they were legitimately entitled. Even though both were owed fees, that did not "justify [taking] ... client's funds in a manner not consistent with Rule 1.15, for however short a time." *Id.* The Respondent here improperly withdrew client funds to which he had no colorable entitlement, as the amount withdrawn exceeded the fees he was to receive. We therefore view his acts as more culpable.

In light of the foregoing, find that a lengthier period of suspension comports with the nature of misconduct at issue here, and approve the agreed discipline. It is, therefore, ordered that the Respondent, R. Larry Helmer, is hereby suspended from the practice of law for a period of not less than six (6) months, beginning June 10, 1994, at the end of which he will be automatically reinstated, subject to the procedures set forth in Admis.Disc.R. 23(4)(c).

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents, believing the penalty not severe enough for the offense.