In the Matter of Lawrence
**J. CLIFFORD.**

No. 71S00–9411–DI–1082.

Supreme Court of Indiana.

May 29, 1996.

Respondent, South Bend, pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

This attorney disciplinary action is now before this Court for final resolution follow-

ing submission of findings of fact and conclusions of law by the duly-appointed hearing officer. The hearing officer concluded that the respondent violated the *Rules of Professional Conduct for Attorneys at Law,* as charged in a *Verified Complaint for Disciplinary Action* filed against the respondent.

The Disciplinary Commission's complaint alleges that the respondent violated Ind.Professional Conduct Rules 1.3 and 1.4 by neglecting an estate matter. Our jurisdiction in this disciplinary action is based on the respondent's admission to this State's bar in 1975. Neither party has chosen to petition this Court for review of the hearing officer's tendered report, and we thus adopt the factual findings contained therein, but reserve final judgment as to misconduct and discipline. *In re Stover–Pock,* 604 N.E.2d 606 (Ind.1992). The Commission has filed its *Memorandum on Sanction,* urging discipline more severe than that recommended by the hearing officer.

We now find that in May 1989, two sisters retained the respondent to handle the estate of their deceased father. One of the sisters had been named personal representative of the estate. At the time they hired the respondent, they paid $500 as advance fees. On May 9, 1989, the respondent opened the estate by filing a petition for unsupervised administration in the St. Joseph Probate Court. By letter dated November 14, 1989, the respondent informed the personal representative that he needed additional information. She delivered the requested information to him shortly thereafter. Over two years later, on December 24, 1991, the personal representative's brother-in-law spoke with the respondent. In a letter to the respondent dated December 24, 1991, the brother-in-law memorialized their conversation, recounting that the personal representative had not received any correspondence from the respondent since November 14, 1989. That same day, the respondent wrote to the personal representative, stating:

"[a]s I have indicated to your brother-in-law ..., I would expect this entire process to be completed by the first full week of January, depending upon the ability of the

Inheritance Tax Division to process these documents in the normal course."

The letter requested no additional information.

In early September 1992, the personal representative delivered to the respondent's office an envelope containing documents and information about the estate. After receiving these materials, the respondent directed his secretary to obtain more information from the personal representative. On September 8, 1992, the respondent's secretary informed the respondent of the additional information she had gathered. On January 13, 1993, the respondent prepared a draft "Schedule of All Property" (the "schedule") before a slated meeting with the personal representative. During the meeting, as they reviewed the draft, the respondent informed the personal representative that he still lacked all necessary information relative to the estate, but nonetheless gave her a copy of the draft schedule. On January 18, 1993, the personal representative informed the respondent's secretary that she would not sign the schedule until she spoke to the respondent about his fee. The personal representative and the respondent met on January 25, 1993. He informed her that he would send her an accurate property schedule, a revised fee proposal, and a signed statement indicating that he would incur all penalties and interest that might be assessed against the estate due to the delay in its processing. The personal representative called the respondent each week for several weeks immediately following their last meeting. He failed to respond to her calls. On May 17, 1993, at the personal representative's request, the respondent returned to her, from her case file, materials to which she was entitled. She then retained another attorney.

On July 9, 1993, the personal representative paid the estate's delinquent inheritance tax. Pursuant to I.C. 6–4.1–9–1, the estate was required to pay interest totaling $1,109.32 on the delinquent amount. In addition, the estate lost a five percent reduction in the tax due, to which it would have been entitled pursuant to I.C. 6–4.1–9–2 had the tax been paid expeditiously. The probate

court approved the estate's closing statement on August 11, 1993. On September 9, 1993, the personal representative sued the respondent for $1,109.32 to recoup the penalties and interest incurred by the respondent's delay. The parties later filed a stipulated judgment dismissing the case with prejudice after the respondent reimbursed the personal representative $1,271.46.

Indiana Professional Conduct Rule 1.3 provides that lawyers shall act with reasonable diligence and promptness in representing their clients. We now find that the respondent failed to act with reasonable diligence and promptness in the representation he provided in the estate matter, and thus violated Prof.Cond.R. 1.3.

Professional Conduct Rule 1.4 provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

We now find that the respondent failed to keep the personal representative reasonably informed and that he failed to adequately respond to her repeated requests for information. Further, the respondent failed to provide her with sufficient information so as to permit her to make informed decisions. We thus find that the respondent violated Prof.Cond.R. 1.4.

Having found misconduct, we now turn to the issue of proper discipline. At the outset, we note that the respondent was privately reprimanded by this Court in 1995 for misconduct similar to that which occurred in this case. The hearing officer in the present case recommended that the discipline imposed by this Court in the prior action should suffice for this case as well since the present misconduct is similar and because it occurred at roughly the same time as the prior misconduct. We are not bound by the recommended sanction of the hearing officer. *In re Rajan*, 526 N.E.2d 1185 (Ind.1988). As noted above, the Commission has filed a *Memorandum on Sanction*, stating therein that the respondent's actions in the present

case deserve an independent sanction. The Commission argues that the respondent's inaction in the present case occurred after the disciplinary complaint was filed in the prior case. It contends further that the prior prosecution did not cause any perceptible change in the respondent's treatment of the estate matter central to the present case.

After accepting a retainer fee, the respondent allowed the estate to pend for a period of approximately four years. There is nothing in the record suggesting that the estate was unusually complicated, and we think it is particularly telling that successor counsel managed to have the estate closed within about three months. Due to the respondent's delay, the estate incurred over $1,000 in interest and penalties for delinquent taxes. Despite contrary assurances from the respondent, the personal representative ultimately had to resort to litigation to recover that amount. It is clear that our reprimand in the respondent's prior disciplinary action did not persuade him to alter his conduct, at least not in regard to the present matter. We thus agree with the Commission that the respondent's present misconduct warrants an independent sanction. Given that a prior disciplinary proceeding failed to impress upon the respondent the importance of maintaining adequate communication with clients and providing diligent representation on their behalf, we now are convinced that a period of suspension is warranted to illustrate the point more effectively.

It is, therefore, ordered that the respondent, Lawrence J. Clifford, be suspended from the practice of law for a period of thirty (30) days, beginning July 1, 1996.

Costs of this proceeding are assessed against the respondent.