### In the Matter of Robert G. WILLIAMS.

### No. 55S00–9805–DI–283.

Supreme Court of Indiana.

March 19, 2002.

Robert G. Williams, pro se.

Donald R. Lundberg, Executive Secretary, Fredrick L. Rice, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Lawyer Robert G. Williams' persistent and pervasive neglect of his clients' cases leads us to conclude today that he should be disbarred from the practice of law.

This case is now before us for final resolution upon the hearing officer's findings of fact and conclusions of law, submitted after full evidentiary hearing on the Disciplinary Commission's six-count verified complaint for disciplinary action charging Respondent Williams with lawyer misconduct. Where neither the Commission nor the respondent petitions this Court for review of those findings, as they are permitted to do under Ind.Admission and Discipline Rule 23(15), we may adopt the hearing officer's factual findings while reserving final judgment as to misconduct and sanction. *Matter of Campbell,* 702 N.E.2d 692 (Ind.1998).

The respondent, who practices in Morgan County, was admitted to the Bar of this state in 1970. The hearing officer's findings relative to the complaint's six counts describe the respondent's pattern of neglect of his clients' cases:

Count I: After initiating a claim for damages on behalf of a client, the respondent failed thereafter to respond to opposing counsel's discovery requests or to file witness or exhibit lists. The respondent also failed to abide by the trial court's discovery orders or to pay opposing counsel's attorney fees as ordered. He failed to respond to his client's inquiries about the case, did not withdraw from representation when she demanded his withdrawal, and,

without the client's consent, proceeded to act as her attorney at trial.

Count II: After initiating a worker's compensation claim for a client, the respondent failed to respond to the opposing party's discovery requests, failed to communicate with the client about the case, and failed to reduce his contingency fee agreement to writing. When the client eventually fired the respondent, the respondent failed to acknowledge his termination and did not return to the client requested case file materials to which she was entitled. Although the Commission later demanded from the respondent a response to the client's grievance, the respondent failed to provide any response.

Count III: The respondent represented a criminal defendant on an appeal of his conviction. The defendant's prison sentence had been stayed pending prosecution of the appeal. After initiating the appeal, the respondent filed three successive petitions for extension of time during which to file the record. The Court of Appeals' order granting the third extension noted that it was the "Final Extension." Nonetheless, the respondent then filed a motion for a fourth extension, which was granted. The respondent finally submitted the record, albeit several weeks past the fourth extended filing deadline and with errors requiring its return to the respondent. Due to its tardiness, the court marked the record "received," and not "filed." The respondent then filed a motion for leave to file a belated appeal. Although the court granted that motion, the respondent again failed timely to resubmit the record, resulting in the appeal's dismissal. The trial court ordered the defendant, who had been unable to contact the respondent to learn anything about the case, to surrender to begin serving his sentence. The respondent filed a second motion for leave to file a belated appeal, which the Court of Appeals granted. The respondent subsequently filed proof with the trial court of the belated appeal's initiation, resulting in the defendant's release. The respondent then filed three successive motions for extension of time to file the appellant's brief. The court's order granting the last one noted that is was a "Final Extension." Undeterred, the respondent filed a fourth request for extension, which the court denied and which prompted the trial court to again order the defendant taken into custody. The defendant, unable to contact the respondent, hired another lawyer who managed to secure permission to file yet another belated appeal. Because that lawyer was unable to persuade the respondent to turn over the record, the court of appeals issued an order to show cause why the respondent should not be held in contempt. Later, when the Commission demanded the respondent's response to the defendant's grievance, the respondent failed to comply.

Count IV: While pursuing a medical malpractice claim on behalf of a client, the respondent failed to make arrangements with a medical expert to provide an opinion to support the claim. The result was that the court granted the defendants' motions for summary judgment. The respondent failed to advise his client that the defendants prevailed on summary judgment. Instead, he proceeded to seek medical records as if the case was still active. Between late 1997 and March 1998, the client attempted to contact the respondent to learn about the status of the case, but the respondent never responded. He likewise never responded to the Commission's two demands for response to the client's grievance.

Count V: The respondent and a client met in March and April 1997 regarding her claim the client wanted to pursue against an auto dealer. Between April 1997 and

early 1998, the client was unable to contact the respondent to learn of the status of her case. The client subsequently filed a grievance with the Commission, which demanded a response from the respondent. He never responded.

Count VI: Although the respondent adequately represented a client in a land dispute case up to the point when a land transaction settlement was agreed to, the respondent failed to make final arrangements for the transaction or to notify the parties why the transaction could not be scheduled. Both the respondent's clients and the opposing party attempted repeatedly between the spring of 1997 and the spring of 1998 to learn from the respondent why the meeting had not been scheduled. The respondent never replied. Later, the respondent failed to respond to two Commission demands for response to the grievance the respondent's clients filed against him.

We find that the respondent violated Ind.Professional Conduct Rule 1.2(a) by failing to abide by his clients' objectives of representation; Prof.Cond.R 1.3 by failing to act with reasonable diligence and promptness; Prof.Cond.R. 1.4 by failing to keep his clients adequately informed about the status of their cases, failing to respond to their requests for information, and failing to explain matters to the extent reasonably practicable to allow them to make informed decisions regarding their cases; Prof.Cond.R. 1.5(c) by failing to reduce a contingency fee agreement to writing; Prof.Cond.R. 1.16(d) by failing to take reasonable steps, upon termination of representation, to protect the interests of his clients; Prof.Cond.R. 1.16(a)(3) by failing to withdraw from representation after being discharged by his client; Prof.Cond.R. 3.2 by failing to expedite litigation consistent with the interests of this clients; Prof.Cond.R. 3.4(d) by failing to comply with legally proper discovery orders; Prof. Cond.R. 8.1(b) by failing to comply with a lawful demand made by a disciplinary authority; Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation; and Prof.Cond.R. 8.4(d) by engaging in conduct that was prejudicial to the administration of justice.

The hearing officer found several matters aggravating the respondent's misconduct. She noted that the respondent has been disciplined before by this Court for similar misconduct. *Matter of Williams*, 461 N.E.2d 1121 (Ind.1984) (suspended for not fewer than two years for neglect of client matters causing damage to clients); *reinstated at* 535 N.E.2d 1158 (Ind.1989). The hearing officer pointed out that the respondent failed to appear at two of three scheduled pre-trial hearings in this disciplinary matter, and that he did not appear at final hearing. Finally, the hearing officer found that the respondent was obstructive in the Commission's efforts to prosecute this case by refusing to claim or accept mail sent in connection with this case. The hearing officer recommended that the respondent be suspended for 180 days with any reinstatement conditioned upon successful petition before this Court. The Commission has filed a memorandum regarding proper discipline, arguing that the deceptive element attendant to some of the respondent's misconduct, coupled with serial nature of his neglect and his manifestations of disdain for the disciplinary process, warrants at least a three-year suspension.

We are not bound by the hearing officer's recommended sanction. *Matter of Clifford*, 665 N.E.2d 907 (Ind.1996); *Matter of Rajan*, 526 N.E.2d 1185 (Ind. 1988). We agree with the Commission that the sheer breadth of the respondent's misconduct warrants severe discipline. Serial neglect by lawyers of their clients'

legal affairs indicates grave professional shortcomings activating this Court's obligation to protect the public from unfit practitioners. *Matter of Roberts,* 727 N.E.2d 705 (Ind.2000). Adding to that the damage the respondent inflicted upon his clients and his refusal to participate meaningfully in the Commission's prosecution of this case, we conclude that severe discipline is warranted. In cases of similar misconduct, we have imposed sanctions designed to protect the public from the offending lawyer's acts. *Matter of Ransom Radford,* 746 N.E.2d 977 (Ind.2001) (disbarment for 14 counts of neglect and abandonment of practice), *Matter of Drozda,* 653 N.E.2d 991 (Ind.1995) (suspension for not fewer than 3 years for 13 counts of client neglect and failure to refund unearned fees), *Matter of McGrath,* 626 N.E.2d 449 (serial neglect of client matters and knowing deceit of clients warranted disbarment, in light of lack of any mitigating factors).

In light of these considerations and precedent, we find that the respondent, Robert G. Williams, should be disbarred as well. The Clerk is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to provide notice of this order to the Hon. Judith Hawley Conley, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

SULLIVAN and RUCKER, JJ., dissent, believing the sanction too severe for the misconduct.