IN RE HOSEA DISBARMENT PROCEEDINGS.

[No. 30,268. Filed October 14, 1964.]

*Max E. Hosea, pro se.*

*Edwin K. Steers,* Attorney General and *Robert W. McNevin,* Deputy Attorney General, for the State of Indiana.

JACKSON, J.—This is an original action for the disbarment of Max E. Hosea, a practicing attorney of this state, instituted by way of information filed by the Disciplinary Commission appointed by the Supreme Court of Indiana pursuant to Rule 3-21.

The information was filed May 29, 1962, in the office of the Clerk of the Supreme and Appellate Courts. It contained twelve (12) specifications and alleged in substance in each of such specifications that said attorney had violated his duty as an attorney and officer of this court as prescribed by the laws of the State of Indiana, had wilfully violated his oath as an attorney as prescribed by the rules of this Court, had been guilty of acts of dishonesty and corrupt conduct, and had wilfully and wantonly contravened the ethics of the legal profession. The charges in essence being that the defendant had collected fees and had then failed to represent the client. One charge was that the defendant had caused the client to sell an automobile, place the proceeds in his hands for payment to her as needed, and then he failed to properly pay over or account to her for such funds. Each of the twelve (12) specifications alleged a separate specific violation allegedly meriting his disbarment.

Thereafter, on June 11, 1962, said cause was placed at issue by the defendant filing his answer in twelve (12) rhetorical paragraphs, by which he denied each and every material allegation contained in the information.

On June 11, 1962, prior to the appointment of a commissioner to hear evidence to any briefing or to the filing of any transcript of the record, this cause was assigned to the writer.

Thereafter, on June 25, 1962, the court by its order appointed the Hon. Edwin K. Steers, Attorney General of the State of Indiana, to, with the help of the Disciplinary Commission, prosecute the disbarment proceedings against the defendant Hosea, and appointed the Hon. Robert B. Lybrook, Judge of the Johnson Circuit Court, Franklin, Indiana, commissioner to hear evidence in this matter.

On July 5, 1962, said commissioner subscribed his oath as such commissioner before the clerk of the Johnson Circuit Court, and thereafter, on July 9, 1962, caused said oath to be filed in the office of the clerk of this court.

Thereafter, the commissioner heard evidence herein on the 26th day of November, 1963, the 27th day of November, 1963, and again heard evidence herein on the 29th day of November, 1963. The report of the commissioner, together with the Commissioner's Findings of Fact and Recommendation and the transcript of the record were all filed in the office of the Clerk of the Supreme and Appellate Courts on the 24th day of July, 1964, and were delivered to the office of the writer of this opinion during the last week in August, 1964.

During the proceedings, specifications Nos. 7, 8, and 12 of the information were dismissed, withdrawn or evidence not offered in support thereof.

The evidence adduced at the several hearings was sufficient to sustain the burden of proof that defendant Hosea had violated his oath as an attorney and

had been guilty of acts of corrupt conduct, and justify the findings of facts and recommendation of the commissioner that the name of Max E. Hosea be forever stricken from the roll of attorneys licensed to practice law in the State of Indiana.

Having carefully considered the issues presented herein, and having carefully reviewed the evidence adduced at the several hearings, as well as the findings of fact and recommendation of the commissioner, and finding them in all matters amply sustained by the record, we now adopt such findings and recommendation of the commissioner as those of this Court.

It is therefore now considered, adjudged and decreed by the Court that Max E. Hosea be, and he is hereby disbarred from the practice of law in this State, and it is further ordered and decreed that his name be, and it hereby is, forever stricken from the roll of attorneys licensed to practice law in the State of Indiana.

Achor, C.J., Arterburn, Myers and Landis, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 560.