**In the Matter of Donald E. TRANSKI.**

No. 46S00–9112–DI–959.

Supreme Court of Indiana.

Sept. 14, 1993.

Stephen A. Seall, Edward O. DeLaney, Barnes & Thornburg, South Bend, for respondent.

Jeffrey D. Todd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent was charged in a Verified Complaint for Disciplinary Action with violating Rule 8.4(b) and Rule 8.4(c) of the *Rules of Professional Responsibility for Attorneys at Law.* The charges stem from Respondent's guilty plea to a felony charge of filing a false federal tax return. Daniel J. Molter was appointed hearing officer pursuant to Ind.Admission and Discipline Rule 23(11)(b), and, after hearing, tendered to this Court his findings of fact and recommendations. Neither Respondent nor the Commission has challenged the tendered report. As in all such cases, this Court accepts the findings, but reserves final judgment.

Respondent Donald E. Transki was admitted to the Indiana Bar in 1957 and is therefore subject to this Court's disciplinary jurisdiction. On June 13, 1991, he pleaded guilty in the United States District Court, Northern District of Indiana, to a felony charge of filing a false federal income tax return for the year 1985 in violation of 26 U.S.C. § 7206(1). Pursuant to a plea agreement, he received a two-year prison sentence. The court suspended the sentence and placed Respondent on probation. Although Respondent was charged specifically with underpaying his tax liabilities by $31,204.45 between 1984 and 1987, he has since paid approximately $260,000 in taxes, interest, and penalties.

We conclude that by his conduct aforesaid, Respondent violated Ind.Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, and Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Now that this Court has found misconduct, we must look at various factors in assessing an appropriate sanction. Specifically, we consider the nature of the Respondent's violation; his specific acts; the impact on the public; this Court's responsibility to preserve the integrity of the Bar; the risk, if any, to the public if the Respondent is allowed to continue in the profession; and factors in mitigation or aggravation. *In re Ortiz* (1992), Ind., 604 N.E.2d 602, *In re Gemmer* (1991), Ind., 566 N.E.2d 528.

There are several mitigating factors in this case. Most specific to Respondent's misconduct, we note that personal monetary gain does not appear to have been a motivating factor. Respondent began to under-report his tax liability only after his daughter entered the final stages of a terminal bout with juvenile-onset diabetes. He spent much of his time and energy, and substantial sums, in an effort to save his daughter's life.[1] No client or professional trust was ever betrayed through Respondent's criminal misconduct. Respondent has shown genuine remorse for his offense and made no effort to transfer blame. He fully complied with the terms of his probation.

More generally, Respondent has never before been disciplined during 35 years of practice before the Indiana Bar. He has compiled a distinguished record of public service as an attorney. Many young attorneys look to Respondent as a role model. Further, a number of seasoned practitioners have deep professional respect for Respondent. Thus, we are convinced that the acts leading to Respondent's conviction are an unfortunate aberration in an otherwise exemplary legal career.

However, this Court would be remiss in its duty to preserve the integrity of the Bar if it excused the above-described conduct without sanction. A felony conviction involving deceit or misrepresentation is a serious matter under any circumstances, but its gravity is magnified when the wrongdoer is a member of the Bar. Such acts tinge the public's view of and confidence in the legal profession. Attorneys have a duty to uphold the highest level of moral and ethical conduct, even in the face of the most difficult personal and professional travails. Integrity is a cornerstone of the profession and, as such, a virtue we must take great pains to foster and preserve.

In light of this, we conclude a period of suspension most accurately addresses the gravity of Respondent's misconduct. It is, therefore, ordered that the Respondent, Donald E. Transki, is hereby suspended from the practice of law for a period of ninety (90) days, beginning October 14, 1993, at the expiration of which he will be automatically reinstated.

Costs of this proceeding are assessed against the Respondent.

---

1. The hearing officer found that Respondent, in the face of his daughter's serious medical condition, had set up an informal trust for her, and that this trust was recharacterized by the IRS as Respondent's trust. Apparently, this in part led to Respondent's under-reporting his tax liability.