**In the Matter of David J. COLMAN.**

**No. 53S00–9606–DI–457.**

Supreme Court of Indiana.

March 4, 1998.

See also 669 N.E.2d 1390.

Paul J. Watts, Spencer, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

We find that the respondent, attorney David J. Colman, violated Ind. Professional Conduct Rule 8.4(b) by intentionally taking deductions on his federal income tax returns to which he knew or should have known that he was not entitled.[1]

This action formally commenced on October 24, 1996, with the Disciplinary Commission's *Verified Complaint for Disciplinary Action.* The allegations of attorney misconduct arose from the respondent's 1996 federal felony criminal conviction of filing a false federal tax return. Based on that conviction, we suspended the respondent *pendente lite* on September 11, 1996. Ind.Admission and Discipline Rule 23(11.1). On May 28, 1997, the respondent tendered to this Court his *Consent to Discipline,* wherein he admitted certain misconduct and "consent[ed] to such discipline as the Court determines to be appropriate." The respondent's admission to the Bar of this state in 1970 confers disciplinary jurisdiction in this case.

Since the facts recited in the respondent's consent are unchallenged, we approve and adopt them. Accordingly, we now find that on August 10, 1990, the respondent made and subscribed a 1040 individual income tax return for the year 1989, including a *Schedule C (Form 1040) Profit and Loss from Business* (which was verified by a written declaration that it was made under penalties of perjury) for Colman Law Offices, and filed it with the Internal Revenue Service. The respondent had altered or caused to be altered the correct version of *Schedule C* prepared by his accountant, which had stated that the Colman Law Offices had no deduction for "cost of goods sold," to incorrectly state that his law office had such a deduction of $59,584.35, when the respondent knew or should have known that he was entitled to no such deduction. The respondent claimed similar deductions in the amounts of $75,244.72, $83,530.93, and $72,548.00 for calendar years 1990, 1991, and 1992, respectively, when the respondent knew or should have known that he was entitled to no such deductions. On March 21, 1996, he was charged in Federal District Court for the Southern District of Indiana with four counts of violating 26 U.S.C. 7206; Filing a False Tax Return, a felony. On June 14, 1996, the respondent pleaded guilty to count III of the information, and was thereupon sentenced to a three-year term of probation, effective June

---

**1.** Indiana Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects.

14, 1996, including a minimum term of six months of home detention. He was also fined $10,000.

We find that by submitting to the IRS a false tax return, the respondent committed a criminal act which reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in violation of Prof.Cond.R. 8.4(b).

Relative to determination of an appropriate discipline, the respondent has informed this Court of several factors which he claims mitigate the severity of his misconduct. He states that he cooperated fully with the Commission, that his prior two private reprimands from this Court were for unrelated misconduct that did not involve dishonesty, and that several factors contributed to his decision to falsify his tax returns, including family medical problems and financial difficulties associated therewith. He has expressed strong remorse for his actions. Despite these mitigating factors, we are confronted here with premeditated misconduct which bears directly on the respondent's trustworthiness. His scheme to defraud the federal government of tax money due and owing extended over a period of four years. Despite the personal difficulties plaguing the respondent during that period, he nonetheless knowingly engaged in deception for personal gain. Further, by altering the work of the accountant who prepared his tax returns, the respondent placed that accountant at risk of having his work subject to suspicion or criticism by the IRS. A strong element of scienter attended the respondent's actions, and that fact, coupled with the above considerations, convinces us that a lengthy period of suspension is appropriate.

In his brief on sanction, the respondent argues that precedent calls for, at most, a ninety day suspension. *In re Transki*, 620 N.E.2d 16 (Ind.1993). In *Transki*, the respondent was found to have violated the *Rules of Professional Conduct for Attorneys at Law* based on his conviction of filing a false federal tax return for the year 1985, and was suspended for a period of ninety days. We found as a significant mitigating

factor events surrounding an illness in the respondent's family at the time of his misconduct. The respondent had set up an informal trust for his ill child, but that trust was later recharacterized by the IRS as the respondent's. That IRS determination led in part to under reporting of the respondent's tax liability. *Transki* at 17, n. 1.[2] In the present case, there is no indication that the respondent's choice to claim substantial sums as "cost of goods sold" deductions for services provided through his law practice was a good faith interpretation of the law that, to the respondent's surprise, was later subject to IRS recharacterization. In his consent to discipline, the respondent admitted that he knew or should have known that he was not entitled to the deductions. Although personal difficulties may have, to some degree, fueled his misconduct, the fact remains that the respondent purposely falsified his tax returns by methods he knew to be wrongful. That fact distinguishes the present misconduct from that in *Transki*, and, in our minds, adds a deeper dimension of culpability.

The Commission has also submitted a brief on sanction, therein arguing that the respondent should not be permitted the opportunity for reinstatement to the bar until expiration of his period of federal criminal probation in June 1999. We will not address that issue at this time, but instead will resolve it during any subsequent reinstatement proceedings.

It is, therefore, ordered that the respondent, David J. Colman, be suspended for a period of not less than eighteen (18) months, beginning September 11, 1996. At the conclusion of that period, he may petition this Court for reinstatement, provided he satisfies the elements prerequisite to reinstatement set forth in Admis.Disc.R. 23(4) and pays the costs of this proceeding.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States

---

2. Upon reflection on the *Transki* opinion in light of the case at bar, we conclude that despite the mitigating value we attached to Transki's personal situation, the sanction of a three month suspension was very lenient under the circumstances.

Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.