**In the Matter of Joseph A. BLUMBERG.**

No. 45S00–9605–DI–400.

Supreme Court of Indiana.

June 4, 1998.

Charles H. Graddick, Gary, for Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

The hearing officer appointed by this Court to hear the Disciplinary Commission's allegations of attorney misconduct of Joseph Blumberg has concluded that he violated the *Rules of Professional Conduct for Attorneys at Law.* As the final arbiter of attorney misconduct and sanction, this matter is now before us for final resolution. *Matter of McDaniel,* 470 N.E.2d 1327 (Ind.1984). The respondent was admitted to the bar of this state in 1986 and, during times relevant here, practiced law in Lake County, Indiana.

Since neither the Commission nor the respondent has challenged the hearing officer's findings of fact, we accept them with the understanding that we determine issues of misconduct and, if misconduct is found, decide on an appropriate discipline. *Matter of Lobdell,* 562 N.E.2d 17 (Ind.1990); *Matter of Rajan,* 526 N.E.2d 1185 (Ind.1988). The Commission's *Verified Complaint for Disciplinary Action* is in three counts. Pursuant to Count I, we now find that a husband hired the respondent in August 1993 to represent him in a dissolution in which child custody was disputed. The husband paid the respondent a $200 retainer upon hiring him and another $200 on November 3, 1993. Final hearing was conducted on October 19, 1993. The husband appeared, but the respondent, although scheduled to appear, did not. The trial court denied the husband's request for a continuance, and custody of the three children of the marriage was awarded to the wife, along with all joint personal property then in her possession. Immediately after the hearing, the husband confronted the respondent about his absence. The respondent explained that he had forgotten about it, but that he would file an appeal. On December 30, 1994 (some ten weeks after the hearing), the respondent submitted a "Motion for Relief From Order," requesting that the court withdraw its October 19 order and grant a new hearing on the custody and property settlement issues. In his motion, the respondent argued that he asked for continuance on October 8 (in fact, he had not), and that opposing counsel had misrepresented the existence of an agreement to

continue the final hearing. In preparing the motion, the respondent never reviewed the court's file, never listened to tapes of the October 19 hearing, nor did any other investigation. Further, he never contacted the court, his client, or opposing counsel about the hearing date.

Indiana Professional Conduct Rule 1.3 requires lawyers to represent their clients with reasonable diligence and promptness. By failing to appear at hearing and later filing a motion for relief without investigating its basis, the respondent violated Ind.Professional Conduct Rule 1.3.

Under Count II, we now find that the respondent represented a client in three matters between March 1993 and October 1995. Specifically, the respondent was hired (i) in March 1993 to handle a landlord-tenant dispute where his client had counterclaimed for $1,000; (ii) in December 1993 to establish paternity of the client's daughter and obtain custody of her for his client; and (iii) in April 1994 for a contemplated dissolution action. The client agreed to pay the respondent $250 of any recovery in the landlord tenant case, $1,000 to handle the paternity action, and $550 to pursue the dissolution.

Although the respondent obtained a judgment for $1,000 on the counterclaim in the landlord-tenant case, he never attempted to collect that judgment and was fired shortly thereafter. In the paternity/custody matter, the respondent won permanent custody of the daughter for his client after approximately five court appearances. The respondent managed to file a petition for dissolution for his client in August 1994, and later prepared and had executed a settlement agreement. However, that agreement was later rejected by the trial court as non-conforming with applicable law. Thereafter, the respondent took no further action and did not respond to his client's requests for information. Later, after the client hired successor counsel, the respondent never surrendered case file materials to which the client was entitled in connection with any of the three matters.

We find that the respondent violated Prof. Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of the dissolution or to respond to his requests for information. By failing to surrender to the client case file materials to which the client was entitled after termination of the representations, the respondent violated Prof. Cond.R. 1.16(d).[1]

As to Count III, we now find that the respondent represented a client in a bankruptcy proceeding in which an intervenor claimed the client owed $100,000 to a third party. The respondent ultimately settled the adversary proceeding by agreement which obligated his clients to pay $17,000 to the third party by installment payments. The clients mailed monthly checks to the respondent, who then forwarded the checks or equivalent proceeds to the third party. Occasionally, he would deposit the checks into his attorney trust account. On June 24, 1993, he deposited client check number 1331 for $105 into his attorney trust account. By July 19, 1993, the account was overdrawn by $172.44. The respondent did not pay the money to the third party from the proceeds of check number 1331 before the account reflected the negative balance. Similarly, he deposited check numbers 1363 and 1395, each for $105, into his trust account on August 2 and August 25, 1993, respectively. By September 8, 1993, the balance in the account had fallen to $280.50. At no time did the respondent forward any of the $315 he had deposited on behalf of his clients to the appropriate third party. At hearing, the respondent admitted that the IRS had levied on his trust account on three separate occasions since 1992 and that he deposited approximately $700–$800 of his own funds into the account in an attempt to safekeep the client funds due to the tax levy.

We have recognized that, under certain circumstances, a lawyer should be permit-

---

1.  Professional Conduct Rule 1.16(d) provides:
    Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering pa-pers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

ted to leave a nominal portion of earned fees in a client trust account for the protection and integrity of that account. *Matter of Lehman*, 690 N.E.2d 696, 704 (Ind.1997) ("lawyers should, in the ordinary course of business, transfer earned fees, other than minimum balance requirements or other nominal amounts, from the lawyer's trust account"). In the present case, however, the respondent purposely commingled at least $700 in personal funds with client funds after the trust account posted a significant shortfall and following exposure of his clients' money to IRS levy. The amount of personal funds he deposited in the trust account was more than "nominal" and his own fiscal mismanagement set the stage for the perceived need to commingle. The present case does not fall within the narrow *Lehman* exclusion for these reasons. To allow the *Lehman* exclusion here would permit the respondent to use acts that violate the *Rules of Professional Conduct* to attempt to rectify his earlier fund mismanagement. Accordingly, we find that the respondent violated Prof.Cond.R. 1.15(a) by commingling his funds with those he held on behalf of a third party.[2] Further, by allowing the balance of his trust account to fall below an amount necessary to satisfy his client's obligations to the third party, the respondent violated Prof.Cond.R. 8.4(b) by committing a criminal act, conversion, that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects.

■ Having found misconduct, we now turn to the issue of appropriate sanction. In that assessment, we look at the respondent's state of mind, the duty violated, actual or potential injury to the client, the duty of this Court to preserve the integrity of the profession, the risk to the public, and mitigating and aggravating circumstances. *Matter of Cox*, 662 N.E.2d 635 (Ind.1996). As to the misconduct in Count I, the respondent exacerbated his mistake of missing his client's

hearing by later filing a grossly inadequate motion for relief from the judgment. By so doing, he wasted the trial court's time and likely instilled false hope in his client. He prejudiced his client in Count II by failing to turn over case file materials so that the client could effectively pursue legal relief with substitute counsel. In Count III, the respondent admitted purposely to commingling his own funds with those of his client. Although the respondent professed good intentions (that is, to protect the trust account balance in the face of a tax levy), it is likely that the very act of his commingling further exposed the account to attachment by creditors. We are also troubled by the hearing officer's finding that the respondent failed to express remorse for his actions. Given his continued nonappreciation of the wrongfulness of his actions and the prejudice and inconvenience they inflicted on his clients, we conclude that a significant period of suspension is warranted.

It is, therefore, ordered that the respondent, Joseph A. Blumberg, be suspended from the practice of law for a period of not less than six (6) months, beginning July 6, 1998, at the conclusion of which he may petition this Court for reinstatement to the practice of law, provided he pays the costs of this proceeding and otherwise satisfies the requirements for reinstatement contained in Ind.Admission and Discipline Rule 23.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

---

**2.** Professional Conduct Rule 1.15(a) provides:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.