**In the Matter of Steven J. RADFORD.**

No. 49S00–9205–DI–349.

Supreme Court of Indiana.

Aug. 26, 1998.

No appearance for Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

We conclude today that by inducing clients to enter into business transactions as a means to steal their money, by neglecting client matters, and by mismanaging client funds held in trust, the respondent, Steven J. Radford, committed acts of professional misconduct that warrant his disbarment. The opinion that follows sets forth the details of the respondent's misconduct and our reasoning underlying the sanction imposed for it.

The Disciplinary Commission filed a *Third Amended Verified Complaint for Disciplinary Action* on June 28, 1996, upon which was conducted an evidentiary hearing

before a hearing officer appointed by this Court. Ind.Admission and Discipline Rule 23, Section 11(b). His report is now before us for final resolution of this case. This Court is the final arbiter of attorney misconduct and sanction. *Matter of Gallo*, 619 N.E.2d 921 (Ind.1993). Since neither the Commission nor the respondent has petitioned this Court for review of the hearing officer's report, we accept and adopt the findings contained therein. As a preliminary matter, we note that the respondent's admission to this state's bar in 1983 confers with us disciplinary jurisdiction. Since June 1997, the respondent has been suspended from the practice of law for failing to comply with continuing legal education requirements and failing to pay his annual attorney registration fee.

■ Pursuant to Count I, we now find that on July 26, 1990, the respondent borrowed $4,000 from a client and agreed by promissory note to pay back to the client a total of $5,000 on or before August 14, 1990. That date passed without repayment. The client died in February 1992; the respondent never paid any portion of the loaned amount to her estate. We find that the respondent violated Ind.Professional Conduct Rule 1.8(a) by entering into a business transaction with a client when the transaction was not fully disclosed in writing to the client, where the client was not given a reasonable opportunity to seek the advice of independent counsel, and where the client did not consent in writing to the personal business transaction with her attorney.[1]

■ Under Count II, we now find that during 1991, the respondent served as co-personal representative and attorney for a certain estate pending in Marion Superior Court. The respondent informed the co-personal representative of a business venture operated by one of his clients. The business venture was involved in oil prospecting in Argentina. In July 1991, the co-personal representative paid $10,000 to the respondent so that he could invest the money for her in the business venture. The investment was to mature in July 1992 and the respondent personally guaranteed repayment of the investment funds. The co-personal representative later provided the respondent with an additional $10,000 to invest in the venture. The source of that money was the bank account belonging to the estate's decedent and her surviving husband. That investment was secured by a promissory note executed by the respondent. The business venture never repaid the funds upon maturation of the investments and the respondent failed to honor his personal guarantee to repay the money or his promissory note securing it. In January of 1992, the co-personal representative gave the respondent another $20,000 for safekeeping in his attorney trust account. Her later demand for return of the money met with no success.

We find that the respondent violated Prof. Cond.R. 1.8(a) by entering into the business transaction with his client without providing or ensuring the appropriate safeguards.[2] He violated Prof.Cond.R. 8.4(b) by his theft of the co-personal representative's funds and those drawn on the decedent's bank account.[3] His theft also constitutes conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Prof.Cond.R. 8.4(c).[4]

---

1. Indiana Professional Conduct Rule 1.8(a) provides:

    A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

    (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

    (2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

    (3) the client consents in writing thereto.

2. *See* footnote 1, *supra*.

3. Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

4. Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

As to Count IV, we now find that on January 28, 1994, the president of a development company hired the respondent to pursue a civil action against a construction company and a municipal department of transportation. The president delivered to the respondent's office a package of documents and a retainer check for $500. A few weeks later, the president, believing that the respondent had taken no action, demanded return of the documents and retainer. The respondent never replied, failed to refund the retainer or to provide an accounting thereof, and did not return the requested documents.

We find that the respondent violated Prof. Cond.R. 1.16(d) by failing to return to his client the retainer or provide an account for the unearned portion of the retainer upon termination of representation.[5]

Under Count V, we now find that in 1992 a client hired the respondent to pursue a personal injury claim pursuant to a referral from UAW legal services. The respondent signed a "cooperating attorney agreement" with UAW legal services in which he agreed to accept 28% of any recovery as his fee and to pay $1,100 of any recovery to a certain medical provider. The respondent negotiated a $5,000 settlement for his client and deposited the proceeds into his attorney trust account on December 9, 1994. On December 29, 1994, the respondent gave his client a check for $2,244.50, representing his portion of the proceeds, and retained $2,760 in the trust account. Thereafter, he failed to pay the medical provider and failed to remove his earned attorney fee from the trust account. He also failed to provide his client with a written settlement statement. Later, the balance of the respondent's trust account fell below an amount sufficient to satisfy the debt to the medical provider. By April 19, 1995, the account contained only $266.78.

By failing to provide his client with a written settlement statement, the respondent violated Prof.Cond.R. 1.5(c).[6] By failing to satisfy the debt owed to the medical provider, the respondent violated Prof.Cond.R. 1.15(b).[7] By allowing the balance in his trust account to fall below an amount necessary to satisfy the obligation to the medical provider, the respondent converted third-party funds and thus violated Prof.Cond.R. 8.4(b).

■ The hearing officer concluded that the respondent violated Prof.Cond.R. 1.15(a), which provides in relevant part that lawyers shall hold the property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property. We have recognized that, under certain circumstances, a lawyer should be permitted to leave a nominal portion of earned fees in a client trust account for the protection an integrity of that account. Prof. Cond.R. 1.15(a); *Matter of Lehman*, 690 N.E.2d 696, 704 (Ind.1997); *Matter of Blumberg*, 695 N.E.2d 114 (Ind.1998). The reason

**5.** Professional Conduct Rule 1.16(d) provides:

. Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**6.** Professional Conduct Rule 1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other ex-

penses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

**7.** Professional Conduct Rule 1.15(b) provides:

Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

for this exclusion from our "anti-commingling" rule is to allow lawyers to satisfy their client trust account's minimum balance requirements and/or nominal account maintenance charges. However, the amount of earned fees that the respondent left in the client trust account, $1,400, was more than nominal and there is no indication that he left those funds in the account only for account maintenance purposes. We therefore find that by failing to promptly withdraw his earned fees from the trust account, the respondent commingled his funds with client funds and thus violated Prof.Cond.R. 1.15(a).[8]

■ Dishonesty and theft permeate the respondent's actions in this case. If he was not stealing his clients' money through methods of preconceived deceit or unethical trust account management, he was collecting their money by convincing them to purchase apparently bogus "investments" or to enter other impermissible business transactions with him. His sole motivation, apparently, was pecuniary gain at the expense of those he ostensibly undertook to represent. He failed to appear at hearing of this matter, and therefore we have nothing before us to mitigate or explain his actions. Accordingly, for the protection of the public and the profession, his misconduct warrants removal from practice.

It is, therefore, ordered that the respondent, Steven J. Radford, is hereby disbarred. Accordingly, the clerk of this Court is directed to remove his name from the Roll of Attorneys.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.

8. Professional Conduct Rule 1.15(a) provides:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be preserved for a period of five years after termination of the representation. A lawyer may deposit his or her own funds reasonably sufficient to maintain a nominal balance.