### In the Matter of Kathleen Ransom RADFORD.

#### No. 49S00–0006–DI–388.

Supreme Court of Indiana.

May 14, 2001.

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

Kathleen Ransom Radford agreed to represent clients in legal matters, then

failed to take any meaningful action at all on their behalves, and ultimately abandoned her law practice without seeing to it that the clients' interests were adequately protected. She also failed to refund to the clients almost $4,000 in unearned retainer fees they had paid to her.

This attorney disciplinary case comes before us now upon the report of the hearing officer who conducted evidentiary hearing on the Disciplinary Commission's 14–count complaint for disciplinary action. The report finds misconduct as charged. The respondent did not appear during any stage of this proceeding. Neither the Commission nor the respondent has petitioned this Court for review of the hearing officer's report, as permitted by Ind.Admission and Discipline Rule 23(15). That being the case, we adopt the hearing officer's findings, but reserve final judgment as to misconduct and discipline.

Our jurisdiction in this case is conferred by the respondent's admission to the bar of this state in 1982. She is currently not in good standing, having been administratively suspended from the practice of law for failure to pay her annual attorney registration fees or to comply with continuing legal education requirements.

The fact patterns found by the hearing officer as to each of the complaint's 14 counts are essentially the same. In late 1998 or early 1999, the respondent agreed to represent various clients in a variety of legal matters: personal bankruptcies, the creation of a trust, a collection matter, a wage dispute, a guardianship, a paternity action, a custody modification, and other matters. Many of the clients paid to the respondent retainer fees. After agreeing the handle the clients' legal matters, the respondent thereafter failed to take meaningful action on their behalves. On some occasions, the respondent advised the clients that their desired pleadings had been filed before a tribunal, or that their cases were otherwise proceeding, when in fact she had taken no action. Later, communications between the respondent and the clients broke down, with the clients being unable to contact the respondent to learn anything about their legal matters in the respondent's care. Ultimately, upon contacting the respondent's office, some clients were advised that she was no longer employed there. Following the respondent's abandonment of these clients' cases, she failed to refund to them unearned portions of retainers they had paid to her. The aggregate amount of the unearned legal fees she failed to refund was approximately $3,825.

In response to client grievances underlying each count of the Commission's complaint, the Commission, pursuant to Ind.Admission and Discipline Rule 23(10)(2),[1] demanded from the respondent responses. Despite the demands, the respondent never provided the responses.

Indiana Professional Conduct Rule 1.2(a) requires lawyers to abide by their clients' decisions regarding the objectives of representation.[2] Professional Conduct

---

1. That rule provides, in relevant part:
   If the Executive Secretary determines that [a grievance] does raise a substantial question of misconduct, [the Executive Secretary shall] send a copy of the grievance by certified mail to the attorney against whom the grievance is filed (hereinafter referred to as "the respondent") and shall demand a written response. The respondent shall respond within twenty

(20) days, or within such additional time as the Executive Secretary may allow, after the respondent receives a copy of the grievance.

2. Indiana Professional Conduct Rule 1.2(a) provides:
   A lawyer shall abide by a client's decisions concerning the objectives of representation

Rule 1.3 requires lawyers to act with reasonable diligence and promptness when representing their clients.[3] The respondent violated those rules by her consistent, complete failure to take action on her clients' behalves.

Professional Conduct Rule 1.4(a) provides that a lawyer shall promptly comply with reasonable requests for information from clients about the legal matters the lawyer is handling on behalf of a client.[4] The respondent violated that rule by failing to respond to her clients' persistent inquiries about the status of their cases. Professional Conduct Rule 1.4(b) requires that lawyers explain matters to their clients to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.[5] The respondent violated that rule by her actions in each count when she abandoned representation of her clients' interests without prior notification or consultation with any of the clients.

Professional Conduct Rule 1.5(b) provides that a lawyer's fee be reasonable. The respondent violated that rule by collecting from her clients retainer fees upon agreeing to provide specific legal services to them, then failing to ever refund those fees after providing no meaningful service whatsoever.

Professional Conduct Rule 1.16(d) provides that lawyers, upon termination of representation, shall take steps to protect the interest of their clients.[6] The respondent violated the rule by failing to refund to her clients unearned retainer fees and, in one instance, by failing upon termination of representation to return to the clients case file materials to which the client was entitled.

Each of the respondent's failures to respond to the Commission's demands for information in response to client grievances violated Prof.Cond.R. 8.1(b), which requires a lawyer to respond to a lawful demand for information from a disciplinary authority.[7]

Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. By advising clients that their anticipated causes of action had been filed and/or that they were progressing when in fact the respondent had taken no action, she violated the rule.

... and shall consult with the client as to the means by which they are to be pursued.

**3.** Professional Conduct Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

**4.** *In toto*, Professional Conduct Rule 1.4(a) provides:

A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**5.** Professional Conduct Rule 1.4(b) provides:

A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**6.** Professional Conduct Rule 1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for the employment of other counsel, surrendering papers and property to which the client is entitles and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**7.** Professional Conduct Rule 8.1(b) provides:

[A] lawyer ... in connection with a disciplinary matter, shall not:
(b) ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority ...

**980**

Having found misconduct, we must now determine an appropriate sanction. Factors we consider in this assessment include the nature of the misconduct, the duty violated, the lawyer's mental state, the actual or potential harm caused by the misconduct, the duty of this Court to preserve the integrity of the profession, and the potential risk to the public in permitting the respondent to continue in the profession. *Matter of Drozda,* 653 N.E.2d 991 (Ind.1995). Serial neglect by lawyers of their clients' legal affairs indicates grave professional shortcomings activating this Court's obligation to protect the public from unfit practitioners. *Matter of Roberts,* 727 N.E.2d 705 (Ind.2000). The present case depicts a lawyer who simply walked away from her practice in total disregard for her clients and legal process generally. Her actions, especially in light of her failure to appear and defend herself against the Commission's charges,[8] demonstrate her unfitness to continue in the profession. Historically, this Court has imposed the severest of sanction in similar cases involving roughly analogous litanies of client abandonment, misrepresentation, and fee commandeering, especially where there is little or no evidence of extenuating factors. *See, e.g., Matter of McGrath,* 626 N.E.2d 449 (serial neglect of client matters and knowing deceit of clients warranted disbarment, in light of lack of any mitigating factors); *Matter of Hosea,* 245 Ind. 680, 201 N.E.2d 560 (1964) (disbarment for collection of fees and subsequent failure to represent client). *See also Matter of Light,* 741 N.E.2d 1245 (Ind.2001) (three year suspension in addition to three year *pendente lite* suspension for 13 counts of client neglect and failure to refund unearned fees, where the record contained evidence that the respondent at-

tempted, albeit improperly, to elect "inactive" status at about the time of his misconduct).

It is, therefore, ordered that Kathleen Ransom Radford is hereby disbarred. The Clerk of this Court is directed to strike her name from the Roll of Attorneys.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

---

8. *See, e.g., Matter of Radford,* 698 N.E.2d 310 (Ind.1998) (where attorney failed to appear at hearing of disciplinary matter, the Court did not have the benefit of explanation or any factors tending to mitigate the severity of his misconduct).