**In the Matter of Roland W. GARIEPY.**

**No. 02S00–9902–DI–145.**

Supreme Court of Indiana.

Oct. 8, 2002.

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

Under a 17–count complaint for disciplinary action, we find that attorney Roland W. Gariepy failed to take action on behalf of his clients, failed adequately to communicate with them about their cases, failed to refund unearned advance-paid legal fees or surrender case file materials to his clients upon termination of representation, and failed to cooperate with the Disciplinary Commission during its investigation of these matters. The respondent was also criminally convicted of filing a false federal income tax return. We conclude that these acts warrant his disbarment.

This matter comes before this Court upon the hearing officer's findings of fact and conclusions of law, filed after review of the Commission's application for judgment on the complaint. The Commission filed its application pursuant to Ind.Admission and Discipline Rule 23(14)(c), which directs that the allegations contained in the Commission's verified complaint for disciplinary action be taken as true where the respondent fails to answer the complaint.

The respondent is a suspended attorney, formerly practicing law in Fort Wayne, Indiana, who was admitted to practice law in the state of Indiana on November 19, 1969. On April 9, 1999, this Court suspended the respondent *pendente lite* from the practice of law due to his felony conviction of failing to file an income tax return for 1993.

Under 13 counts contained in the verified complaint, the facts found by the hearing officer are roughly the same: the respondent would undertake to represent a

client, then fail to take action consistent with the client's wishes or fail to take action at all. The clients, concerned over the progress of their legal matters, attempted to contact the respondent with no success. In five of the counts, the respondent failed to refund unearned advance-paid legal fees or return to clients case file materials to which they were entitled upon termination of representation. In some instances, clients had to resort to formal legal action to secure return of unearned fees from the respondent. In 13 of the counts, the respondent failed to respond to the Commission's later demands for responses to the client grievances filed against him.

We now find that the respondent failed to provide competent representation in violation of Ind.Professional Conduct Rule 1.1; that he failed to abide by clients' decisions concerning the objectives of their representations in violation of Prof. Cond.R. 1.2(a); and that he failed to act with reasonable diligence and promptness in representing his clients in violation of Prof.Cond.R. 1.3. He violated Prof. Cond.R. 1.4(a) by failing to keeps his clients reasonably informed about the status of their legal matters and promptly to comply with reasonable requests for information from his clients about the status of their cases, and Prof.Cond.R. 1.4(b) by failing to explain matters to one client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. By failing to surrender to his clients papers and property to which they were entitled upon termination of representation, the respondent violated Prof.Cond.R. 1.16(d). By failing to comply with the Commission's lawful demands for information, the respondent violated Prof.Cond.R. 8.1(b).

In addition to the foregoing examples of neglect of his client's cases, the respondent also engaged in other misconduct. Pursuant to Count 8, we find that a client sued the respondent for malpractice. The respondent settled the matter by agreeing to pay the client the sum of $200 per month. Several of the respondent's settlement checks were dishonored for insufficient funds. The respondent later failed to respond to the Commission's demands for response to the client's grievance against the respondent.

We find that by his conduct in Count 8, the respondent violated Prof.Cond.R. 8.4(b) by committing a criminal act, check deception, that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects, and Prof.Cond.R. 8.1(b).

As to Count 14, we find that the respondent agreed to defend a client against a charge of driving under the influence. The client paid the respondent a $1,500 retainer. After negotiating a plea and representing the client through sentencing, the respondent billed the client $1,000. When the client's father later called to complain in light of the earlier $1,500 payment, the respondent stated that the $1,500 was a retainer and hung up on the father. The respondent later failed to reply to the Commission's demands for a response to the client's grievance.

By failing to advise his client of the rate or basis for his fee before or within a reasonable time after commencing the representation, the respondent violated Prof. Cond.R. 1.5(b). By failing to respond to the Commission, he violated Prof.Cond.R. 8.1(b).

Under Count 15, we find that the respondent received a refund check for $13,700 on behalf of a client. The respondent lost the check in one of the client's other files. While the check was lost, the payor stopped payment of the check.

We find that the respondent violated Prof.Cond.R. 1.15(a) by failing to keep his client's property in his possession in the course of a representation identified and appropriately safeguarded.

Under Count 17, we find that the respondent was charged by information on November 13, 1998 in the United States District Court for the Northern District of Indiana with four counts of filing false income tax returns for the years of 1990, 1991, 1992 and 1993, all in violation of 26 U.S.C. § 7206(1) and felonies under the laws of the United States. Also on November 13, 1998, the respondent and the United States filed a "Plea Agreement" in the respondent's case in which the respondent agreed to plead guilty to Court 4 of the charge, alleging that he knowingly filed a false income tax return for the 1993 tax year. On December 4, 1998, the respondent executed a waiver of indictment and entered a guilty plea to Court 4. On February 12, 1999, the respondent was convicted of filing a false return for 1993 and sentenced to four months incarceration in the U.S. Bureau of Prisons beginning April 5, 1999; one year of supervised release after incarceration, and ordered to pay restitution to the Internal Revenue Service in the amount of $45,731. The respondent did not respond to a demand from the Commission for information in response to the grievance based on the respondent's conviction.

We find that by his conviction and subsequent failure to respond to the Commission's demand for information, the respondent violated Prof.Cond.R. 8.4(b) and 8.1(b).

The hearing officer recommended that the respondent be disbarred. We note that in similar cases of serial neglect of client matters, this Court has ordered disbarment. See, e.g., Matter of Williams, 764 N.E.2d 613 (Ind.2002) (six counts of client neglect, along with failure to cooperate with the Commission); Matter of Radford, 746 N.E.2d 977 (Ind.2001) (14 counts of neglect of client matters and willful deception of clients). Filing a false federal income tax return has also garnered significant sanction. See, e.g., Matter of Transki, 620 N.E.2d 16 (Ind.1993) (felony filing of false federal income tax—P90 day suspension from the practice of law). Finally, the respondent's failure to refund client funds and his persistent refusal to cooperate with the Commission is also serious misconduct warranting stringent sanction.

Accordingly, we find that the respondent, Roland W. Gariepy, should be disbarred. The Clerk of this Court is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to Everett E. Goshorn, the hearing officer in this matter, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.